MEMORANDUM *
Claimant Gary Underhill appeals the district court’s judgment affirming the denial of his application for disability insurance benefits under the Social Security Act. Reviewing the district court’s decision de novo and the administrative law judge’s (“ALJ”) decision for substantial evidence, Rounds v. Comm’r Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015), we reverse and remand with instructions to remand to the agency.
1. The ALJ did not give “persuasive, specific, [and] valid reasons” for failing to afford great weight to the Department of Veterans Affairs’ (“VA”) determination that Claimant was totally disabled. McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). The first reason given by the ALJ—that the rating system used by the VA is not the same as the one used by the Social Security Administration—is not valid. Berry v. Astrue, 622 F.3d 1228, 1236 (9th Cir. 2010). The second reason given by the ALJ—that several of the impairments underlying the VA’s rating were not mentioned by Claimant in his testimony at the hearing—is not persuasive because those impairments were discussed in the medical records that Claimant submitted. Moreover, Claimant’s failure to mention those impairments is attributable in large part to the ALJ’s failure to develop the record by asking Claimant the right questions. See Widmark v. Barnhart, 454 F.3d 1063, 1068 (9th Cir. 2006) (“[W]e find that the ALJ’s reliance on [the claimant’s] failure to mention a physical problem ... is especially unreasonable in light of the ALJ’s special duties with regard to developing the record.”). For example, when Claimant testified that his disability resulted “primarily” from his back and hip conditions, the ALJ did not explore what conditions secondarily contributed to the claimed disability.
2. The ALJ also erred by failing to consider the medical opinion of Dr. Rezvani. See Marsh v. Colvin, 792 F.3d 1170, *523 1172-73 (9th Cir. 2015). Dr. Rezvani, unlike Dr. Suffis, opined that x-rays showed that Claimant had “mild to moderate” degenerative disc disease, and further noted that Claimant walked with a limp. Had the ALJ considered those medical findings, he might have come to a different conclusion concerning the limiting effects of Claimant’s back impairment and, ultimately, to a different conclusion regarding Claimant’s residual functional capacity and disability. And the VA rating, had it been given greater weight, might have swayed the ALJ’s ultimate disability determination.
3. Because we cannot conclude that the ALJ’s errors were “inconsequential to the ultimate nondisability determination,” Stout v. Comm’r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006), we cannot find that the ALJ’s errors were harmless.
4. Claimant’s remaining arguments are unpersuasive.
5. Even crediting as true Dr. Rezvani’s medical opinion and the VA’s disability rating, the ALJ would not be required to find Clamaint disabled. Accordingly, we remand to the district court with instructions to remand the case to the agency on an open record for further proceedings. Burrell v. Colvin, 775 F.3d 1133, 1141-42 (9th Cir. 2014).
REVERSED and REMANDED with instructions.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.