**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GARY D. UNDERHILL,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.    22-36033

D.C. No. 3:22-cv-05192-BAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted December 5, 2023[**]
Seattle, Washington

Before:  N.R. SMITH, SANCHEZ, and MENDOZA, Circuit Judges.

Gary Underhill appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Underhill's application for disability

insurance benefits under the Social Security Act (SSA). We have jurisdiction under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. "We review a district court's judgment de novo and set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (internal quotation marks omitted). We affirm.

1.	Based on this court's decision in a prior appeal, *Underhill v. Berryhill*, 685 F. App'x 522 (9th Cir. 2017), the law of the case doctrine applies, *see Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) ("The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case."). In the prior appeal, we reversed the Administrative Law Judge's (ALJ) denial of benefits, because the ALJ failed to "give persuasive, specific, and valid reasons" for discounting the Department of Veterans Affairs (VA) disability rating and the ALJ "fail[ed] to consider the medical opinion of Dr. Rezvani." *Underhill*, 685 F. App'x at 522–23 (cleaned up). Underhill raised several arguments in his prior appeal relating to the ALJ's findings at step two, the ALJ's assessment of Plaintiff's testimony, and the ALJ's discounting of certain medical opinions written by Dr. Suffis; Ezatolah Rezvani, M.D.; Dana Tell, ARNP; and Betty Bennett, ARNP. However, we rejected Underhill's these arguments as "unpersuasive." *Id.* at 523.

2

Thus, absent a showing that the doctrine should not be applied, we will not revisit those arguments. *See Stacy*, 825 F.3d at 567 (outlining that the exceptions to the law of the case doctrine are "when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust"). Underhill does not argue that any of these exceptions apply but instead asserts that the doctrine is inapplicable, because our prior decision was dicta. We disagree. We explicitly rejected Underhill's other challenges to the ALJ's decision. *See United States v. Lummi Nation*, 763 F.3d 1180, 1187 (9th Cir. 2014) ("The law of the case doctrine applies only when the issue was decided explicitly or by necessary implication in the previous disposition." (internal quotation marks omitted)). Even though the resolution of the issues was not dispositive, our rejection of Underhill's challenges was not dicta. *See United States v. Johnson*, 256 F.3d 895, 914 (9th Cir. 2001) (per curiam) (en banc) (explaining that when courts "confront cases raising multiple issues that could be dispositive," and they elect to resolve those issues "in order to avoid repetition of errors on remand or provide guidance for future cases," those resolutions are not dicta). Notably, we specifically elected to limit the issues that the ALJ had to reconsider following remand. *See id.* Although we remanded the case on an open record, that allowance did not reopen the entirety of the case but allowed Underhill to present

3

additional evidence in support of his claimed disabilities. Accordingly, because Underhill has not presented any other exceptions to applying the law of case doctrine, we will not revisit Underhill's arguments related to the ALJ's step two analysis; the ALJ's assessment of the medical opinions of Dr. Suffis, and nurse practitioners Tell and Bennett; and Underhill's symptom testimony.

2.      The ALJ provided "persuasive, specific, valid reasons" for discounting the VA disability rating. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). The ALJ reasonably gave little weight to the VA's 100% disability rating,[1] because it was not consistent with the treatment notes from the VA during the relevant period, and the VA disability rating was not based on medical evidence after 2003. The ALJ found that the treatment notes did not reflect any objective worsening of Underhill's back pain and imaging studies revealed mild degeneration of the spine without nerve root compromise or disc herniation. Similarly, the ALJ found that the treatment notes did not reflect ongoing shoulder, knee, hip, or ankle problems during the period of disability. The ALJ also noted that, although Underhill had a history of asthma/bronchitis from smoking, most of

_____

[1] The VA determined that Underhill was disabled based on the following conditions: degenerative joint disease of the lumbar spine (20%); left shoulder impingement syndrome (10%); right hip bursitis (10%); left hip bursitis (10%); right ankle tendonitis (10%); left knee chondromalacia (10%); right knee chondromalacia (10%); asthmatic bronchitis (10%); and tinnitus (10%).

4

the medical records lacked any record of symptoms. Finally, the ALJ found that, even assuming Underhill suffered from tinnitus, it was not disabling. These findings are supported by the record and undermine the VA disability rating. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) (holding that "[t]he ALJ was justified in rejecting the VA's disability rating on the basis she had evidence the VA did not, which undermined the evidence the VA did have").

3.     The ALJ provided "specific and legitimate reasons supported by substantial evidence in the record" for discounting Dr. Finnerty-Ludwig's medical opinion. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal quotation marks omitted). The ALJ found that Dr. Finnerty-Ludwig's opinion was contrary to the opinions of Dr. Suffis and Dr. Stadius, the treatment notes, the imaging studies, and the conservative treatment received by Underhill. The ALJ also noted that Dr. Finnerty-Ludwig did not begin treating Underhill until after the date of last insured, and her medical opinion did not reveal that she had reviewed all of the relevant medical records during the period of disability. Finally, the ALJ concluded that Dr. Finnerty-Ludwig relied upon Underhill's subjective complaints of pain, which the ALJ reasonably rejected.

4.     The ALJ provided "clear and convincing reasons" for giving little weight to Dr. Rezvani's evaluation. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d

5

1194, 1198 (9th Cir. 2008). The ALJ correctly noted that Dr. Rezvani did not provide a medical opinion outlining Underhill's impairments and limitations. *See* 20 C.F.R. § 404.1527(a)(1). Nevertheless, even if Dr. Rezvani had provided a medical opinion, the ALJ reasonably found that Dr. Rezvani's opinion was contrary to the imaging studies, treatment notes, and conservative treatment. Furthermore, Dr. Rezvani had relied upon Underhill's subjective complaints, which the ALJ found not credible, and Dr. Rezvani had not reviewed Underhill's normal stress test.

5.      The ALJ did not err in his step five evaluation. Underhill's assertions that the ALJ erred at step 5 merely restate previous arguments and therefore fail for the same reasons discussed above.[2] *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008). Substantial evidence supports the ALJ's residual functional capacity assessment; thus, the ALJ's hypothetical propounded to the vocational expert properly included "those impairments that [were] supported by substantial evidence in the record." *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

---

[2] On appeal, Underhill argues that the ALJ did not provide him with a de novo review. However, Underhill did not make this argument before the district court, thus the argument is forfeited. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

**AFFIRMED.**